UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TODD C. BANK, Individually and on Behalf of
All Others Similarly Situated,

          *Plaintiff*,

   -against-

VIVINT SOLAR, INC.,

          *Defendant*.

## **CLASS-ACTION COMPLAINT**

### **INTRODUCTION**

1. This action arises under a federal statute and a New York statute: respectively, the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

2. Plaintiff brings this action individually and as a class action on behalf of all persons to whose cellular or residential landline telephone number one or more telephone calls, described below, were placed (the "Federal Robocall Class") during the period beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Robocall Class Period").

3. Plaintiff brings this action individually and as a class action on behalf of all persons whose telephone number was listed in the National Do Not Call Registry for 31 days or more and to whose such number two or more telephone calls, described below, were placed during a 12-month period (the "Federal Do-Not-Call Class") beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Do-Not-Call Class Period").

1

4. Plaintiff brings this action individually and as a class action on behalf of all persons to whose New York telephone numbers one or more telephone calls, described below, were placed, such telephone numbers being those with an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), beginning three years prior to the commencement of this action until the date of such commencement (the "New York Class Period").

5. Plaintiff seeks, individually and on behalf of the other Federal Robocall Class Members, statutory damages, injunctive relief, and costs.

6. Plaintiff seeks, individually and on behalf of the other Federal Do-Not-Call Class Members, statutory damages, injunctive relief, and costs.

7. Plaintiff seeks, individually and on behalf of the other New York Class Members, statutory damages, injunctive relief, legal fees, and costs.

8. The term "person," as used in this Complaint, incorporates the definition of "person" provided in 1 U.S.C. Section 1.

**PARTIES**

9. Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

10. Defendant, Vivint Solar, Inc. ("Vivint"), is a corporation organized and existing under the laws of Delaware, and has a principal place of business at 1800 West Ashton Boulevard, Lehi, Utah 84043.

**APPLICABLE LAW**

A. **Telephone Consumer Protection Act**

    **(i)** **Regulation of Certain Telephone Calls to Residential and Cellular Telephone Lines**

11. With respect to telephone numbers that are assigned to a cellular telephone service, the TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for

emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

12. With respect to residential telephone lines, the TCPA states that it is "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

13. Persons to whose telephone line a call is made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to enjoin such violations and to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b)(1), the court may increase the award by up to $1,000 per violation. *See id.*

### (ii) Prohibition Against Certain Telephone Calls to Telephone Numbers on the National Do Not Call Registry

14. The National Do Not Call Registry is a database that is maintained by the Federal Trade Commission and contains telephone numbers voluntarily provided by residential telephone subscribers. Certain telephone solicitations are prohibited from being placed to those numbers "indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." 47 C.F.R. § 64.1200(c)(2).

15. The Federal Communications Commission, which is authorized and directed to enact regulations to implement the TCPA, and to enforce the TCPA and such regulations, including regulations pertaining to the National Do Not Call Registry, *see* 47 U.S.C. §§ 151, 227(c)(3), 503(b)(1), has stated: "we will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.' . . . Such a presumption, however, may require a complaining wireless subscriber to provide further proof of the validity of that presumption should

3

we need to take enforcement action." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14039, ¶ 36, 68 Fed. Reg. 44144, 44147, ¶ 14) (2003).

16. Persons to whose telephone line two (or more) calls are made within any 12-month period by in violation of 47 C.F.R. Section 64.1200(c)(2) may bring an action to enjoin such violations and to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(c)(5). If the court finds that a defendant willfully or knowingly violated 47 C.F.R. Section 64.1200(c)(2), the court may increase the award by up to $1,000 per violation. *See id.*

**B.     New York General Business Law Section 399-p**

17. New York General Business Law Section 399-p(3)(a) states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

18. Persons to whose telephone line a call is made in violation of GBL Section 399-p are entitled to injunctive relief, the greater of actual damages or $50 per violation, and reasonable legal fees, and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000. *See* GBL Section 399-p(9).

## JURISDICTION AND VENUE

19. This Court has jurisdiction over the federal-law claims under 28 U.S.C. Section 1331, and has jurisdiction over the state-law claims under 28 U.S.C. Section 1367(a).

20. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

**FACTS**

21. On or about March 17, 2018, Bank received, on a cellular telephone line that is used for residential purposes and of which Bank is a regular user (the "Telephone Line"), a telephone call (the "Telephone Call").

22. Bank answered the Telephone Call.

23. Upon the answering of the Telephone Call, a prerecorded voice on the caller's end promoted residential solar-energy services (the "Prerecorded Material").

24. Following the playing of the Prerecorded Material, Bank was transferred to a live person (the "Transferee")

25. Bank provided an alias to the Transferee.

26. The Transferee told Bank that a person would, approximately 30 minutes thereafter, call Bank.

27. Approximately 30 minutes after the end of the conversation between Bank and the Transferee, a person who identified himself as Joshua Lilly called the Telephone Line and stated that his purpose in calling was to speak to the alias that Bank had provided to the Transferee.

28. At the time of the conversation between Bank and Mr. Lilly, Mr. Lilly was an employee of Vivint.

29. During the conversation between Bank and Mr. Lilly, Mr. Lilly stated that Vivint regularly utilizes telephone calls in which, upon being answered, prerecorded material advertises Vivint's services.

30. During the conversation between Bank and Mr. Lilly, Mr. Lilly stated that he did not know how the number of the Telephone Line had been obtained.

31. At the time that the Telephone Call was made, the number of the Telephone Line had

5

been on the National Do Not Call Registry for 31 days or more.

32. The Telephone Call was made with equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator.

33. The Prerecorded Material did not state the name of the person on whose behalf the Telephone Call had been placed.

34. The Prerecorded Material did not state the address of the person on whose behalf the Telephone Call had been placed.

35. The Prerecorded Material did not state the telephone number of the person on whose behalf the Telephone Call had been placed.

36. The Telephone Call was made without the prior express written consent of any person who had the legal right to provide such consent.

37. The Telephone Call constituted a "telephone solicitation" as defined in 47 C.F.R. § 64.1200(f)(14).

38. Defendant placed, or directed to be placed, the Telephone Call.

39. Defendant placed, or directed to be placed, to recipients other than Bank, thousands of telephone calls were factually identical or materially similar to the Telephone Call and that resulted in the violation that is set forth below as the "First Cause of Action."

40. Defendant placed, or directed to be placed, to recipients other than Bank, thousands of telephone calls were factually identical or materially similar to the Telephone Call and that resulted in the violation that is set forth below as the "Second Cause of Action."

41. Defendant placed, or directed to be placed, to recipients other than Bank, thousands

6

of telephone calls were factually identical or materially similar to the Telephone Call and that resulted in the violation that is set forth below as the "Third Cause of Action."

42. The Telephone, and the telephone calls to recipients as described in paragraphs "39," "40," and "41" (collectively, the "Class Telephone Calls"), temporarily caused the receiving telephone line to be unavailable for other uses.

43. The Class Telephone Calls disturbed the peace, solitude, and tranquility of Bank and the other recipients.

44. The Class Telephone Calls annoyed and frustrated Bank and the other recipients.

45. The Class Telephone Calls to Bank and the other recipients were a nuisance.

## FIRST CAUSE OF ACTION

46. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "45" inclusive of this Complaint as if fully set forth herein.

47. The placement of the Class Telephone Calls violated 47 U.S.C. Section 227(b)(1).

48. Bank and the other Members of the Federal Robocall Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. Section 227(b)(1).

49. Bank and Members of the Federal Robocall Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(3)(B).

50. In the event that Defendant willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other members of the Federal Robocall Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

## SECOND CAUSE OF ACTION

51. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "45" inclusive of this Complaint as if fully set forth herein.

7

52. The placement of the Class Telephone Calls to the Federal Do-Not-Call Class violated 47 C.F.R. Section 64.1200(c)(2).

53. Bank and the other Members of the Federal Do-Not-Call Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(c)(5)(A), enjoining Defendant from violating 47 C.F.R. Section 64.1200(c)(2).

54. Bank and the other Members of the Federal Do-Not-Call Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(c)(5).

55. In the event that Defendant willfully or knowingly violated 47 C.F.R. Section 64.1200(c)(2), Bank and the other Members of the Federal Do-Not-Call Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Section 227(c)(5).

## THIRD CAUSE OF ACTION

56. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "45" inclusive of this Complaint as if fully set forth herein.

57. The placement of the Class Telephone Calls to New York Class Members violated GBL Section 399-p(3)(a).

58. Bank and the other Members of the New York Class are entitled to an Order, pursuant to GBL Section 399-p(9), enjoining Defendant from violating GBL Section 399-p(3)(a).

59. Bank and the other Members of the New York Class are entitled to statutory damages of $50 pursuant to GBL Section 399-p(9).

60. Bank and the other Members of the New York Class are entitled to reasonable legal fees pursuant to GBL Section 399-p(9).

## **CLASS ALLEGATIONS**

61.     Bank brings this action individually, and as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of: (i) the other Members of the Federal Robocall Class; (ii) the other Members of the Federal Do-Not-Call Class; and (iii) the other Members of the New York Class.

62.     Bank believes, with respect to each of the three Classes that are identified in the preceding paragraph, that there are thousands of persons whose claims are similar to Bank's individual claims, and, furthermore, that Bank's individual claims are typical of the claims of the other Class Members. Members of each Class have sustained damages arising out of Defendant's wrongful conduct in the same manner in which Bank has sustained damages arising therefrom.

63.     Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

64.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

65.     Common questions of law and fact predominate over questions that affect only individual Federal Robocall Class Members. Among those questions are:

(i)     whether telephone calls were made to residential or cellular telephone lines by, or at the direction of, Defendant;

(ii) whether Defendant violated Section 227(b)(1) of the TCPA;

(iii) whether Defendant willfully or knowingly violated Section 227(b)(1) of the TCPA;

(iv) whether the Members of the Federal Robocall Class are entitled to injunctive relief as a result of Defendant's violations of Section 227(b)(1) of the TCPA; and

(v) whether the Members of the Federal Robocall Class are entitled to damages as a result of Defendant's violations of Section 227(b)(1) of the TCPA, and, if so, how much.

66. Common questions of law and fact predominate over questions that affect only individual Federal Do-Not-Call Class Members. Among those questions are:

(i) whether telephone calls were placed by, or at the direction of, Defendant to a telephone number that had been listed in the National Do Not Call Registry for 31 days or more;

whether the telephone calls described in the preceding paragraph constituted "telephone solicitations";

whether more than one "telephone solicitation" was placed to the same the telephone number within a 12-month period;

(ii) whether Defendant violated Section 64.1200(c)(2) of the TCPA regulations;

(iii) whether Defendant willfully or knowingly violated Section 64.1200(c)(2) of the TCPA regulations;

(iv) whether the Members of the Federal Do-Not-Call Class are entitled to injunctive relief as a result of Defendant's violations of Section 64.1200(c)(2) of the TCPA regulations; and

(v) whether the Members of the Federal Do-Not-Call Class are entitled to damages as a result of Defendant's violations of Section 64.1200(c)(2) of the TCPA regulations, and, if so, how much.

67. Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

(i) whether telephone calls were made to residential or cellular telephone lines by, or the direction of, Defendant using equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were

    called without the use of an operator, wherein the telephone number to which the such calls were made was a New York telephone number;

(ii)  whether Defendant violated GBL Section 399-p(3)(a);

(iii)  whether the Members of the New York Class are entitled to injunctive relief as a result of Defendant's violations of GBL Section 399-p(3)(a);

(iv)  whether the Members of the New York Class are entitled to damages as a result of Defendant's violations of GBL Section 399-p(3)(a); and

(v)  whether the Members of the New York Class are entitled to reasonable legal fees as a result of Defendant's violations of GBL Section 399-p(3)(a).

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a)  Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1);

(b)  Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other Members of the Federal Robocall Class;

(c)  Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Robocall Class, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully violated 47 U.S.C. Section 227(b)(1);

(d)  Pursuant to 47 U.S.C. Section 227(c)(5)(A), an order enjoining Defendant from violating 47 C.F.R. § 64.1200(c)(2);

(e)  Pursuant to 47 U.S.C. Section 227(c)(5)(B), statutory damages of $500 per violation of 47 C.F.R. § 64.1200(c)(2) for Plaintiff and the other Members of the Federal Do-Not-Call Class;

(f)  Pursuant to 47 U.S.C. Section 227(c)(5)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Do-Not-Call Class, in addition to the statutory


damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully violated 47 C.F.R. § 64.1200(c)(2);

(g)	Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other Members of the New York Class;

(h)	Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendant from violating New York General Business Law Section 399-p(3)(a); and

(i)	An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: April 30, 2018

                    Respectfully submitted,

                    *s/ Todd C. Bank*
                    TODD C. BANK
                     ATTORNEY AT LAW, P.C.
                    119-40 Union Turnpike
                    Fourth Floor
                    Kew Gardens, New York 11415
                    (718) 520-7125
                    By Todd C. Bank

                    *Counsel to Plaintiff*