UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

TODD C. BANK,

                Plaintiff,                      **MEMORANDUM & ORDER**
                                                                   18-CV-2555 (MKB) (RLM)

                v.

VIVINT SOLAR, INC.,

                Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Todd C. Bank, proceeding *pro se*,[1] commenced the above-captioned putative class action against Defendant Vivint Solar, Inc., alleging that Defendant placed or directed to be placed unauthorized "robocalls" in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227(b)(1)(A)(iii), (c)(5) ("TCPA"), and New York General Business Law, N.Y. Gen. Bus. L. § 399-p ("GBL"). (Compl., Docket Entry No. 1.) On June 27, 2018, Plaintiff filed an Amended Complaint, asserting claims under section 227(b)(1)(A)(iii) of the TCPA and section 399 of the GBL. (Am. Compl., Docket Entry No. 12.) On August 10, 2018, Defendant moved to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 14; Def. Mem. in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 14-1.) Plaintiff opposed Defendant's motion. (Pl. Mem. in Opp'n to Def. Mot. ("Pl. Mem."), Docket Entry No. 15.) Plaintiff also filed a separate memorandum of law opposing Defendant's request to dismiss the

---

[1] Plaintiff is also a licensed attorney and is therefore not afforded the special solitude traditionally afforded to *pro se* plaintiffs. *See Bank v. U.S. Dep't of Health & Human Servs.*, 708 F. App'x 43, 44 (2d Cir. 2018) (noting that Plaintiff is "an attorney proceeding *pro se*" and declining to afford Bank special latitude).

putative class action claims. (Pl. Mem. in Opp'n to Def. Mot. as to Class Claims ("Pl. Class Mem."), Docket Entry No. 16.) On October 9, 2018, the Court referred Defendant's motion to Magistrate Judge Roanne L. Mann for a report and recommendation. (Order dated Oct. 9, 2018.)

By report and recommendation dated February 25, 2019, Judge Mann recommended that the Court grant Defendant's motion to dismiss the Amended Complaint (the "R&R"). (R&R 1.) On March 1, 2019, Plaintiff timely filed an objection to the R&R. (Pl. Obj. to R&R ("Pl. Obj."), Docket Entry No. 18; Pl. Decl. in Supp. of Pl. Obj. ("Pl. Decl."), Docket Entry No. 20; Pl. Mem. of Law in Supp. of Pl. Obj. ("Pl. Obj. Mem."), Docket Entry No. 21.) For the reasons set forth below, the Court adopts the R&R and grants Defendant's motion to dismiss the Amended Complaint.

I. **Background**

   a. **Factual Background**

The Court assumes the truth of the factual allegations in the Amended Complaint for the purposes of this Memorandum and Order.

On March 17, 2018, Plaintiff received an unsolicited telephone call on his cellular telephone and, upon answering, "a prerecorded voice on the caller's end promoted residential solar-energy services," (the "Prerecorded Call"). (Am. Compl. ¶¶ 16–18.) Following the Prerecorded Call,[2] Plaintiff was transferred to a live person (the "Transferee"). (*Id.* ¶ 19.) Plaintiff provided the Transferee with an alias and the Transferee told Plaintiff that an unspecified person would call Plaintiff in approximately thirty minutes. (*Id.* ¶¶ 20–21.) Approximately thirty minutes later, Plaintiff received another call on the same cellular telephone

---

[2] The Prerecorded Call did not include the name, address, or telephone number of the person on whose behalf the Prerecorded Call was placed. (Am. Compl. ¶¶ 27–29.)

2

from Joshua Lilly, an employee of Defendant, asking to speak with a person by the name of the alias that Plaintiff had provided to the Transferee. (*Id.* ¶¶ 22–23.) During the conversation between Lilly and Plaintiff, Lilly "stated that [Defendant] regularly utilizes telephone calls in which, upon being answered, prerecorded material advertises [Defendant's] services." (*Id.* ¶ 24.) Lilly did not know how Plaintiff's telephone number was obtained, and Plaintiff did not consent to receive the Prerecorded Call. (*Id.* ¶ 25, 30.) Plaintiff contends that Defendant "placed, or directed to be placed," the Prerecorded Call. (*Id.* ¶ 32.)

### b. Procedural background

Plaintiff commenced this action on April 30, 2018. (Compl.) On June 22, 2018, Defendant filed a letter requesting a pre-motion conference in anticipation of filing a motion to dismiss the Complaint for failure to state a claim. (Def. Letter Requesting a PMC ("Def. Letter"), Docket Entry No. 10.)

On June 25, 2018, Plaintiff responded to Defendant's letter, agreeing to amend his Complaint and withdraw his cause of action under section 227(c)(5) of the TCPA. (Pl. Resp. to Def. Letter, Docket Entry No. 11.) Plaintiff filed an Amended Complaint on June 27, 2018, asserting claims pursuant to section 227(b) of the TCPA and section 399-p of the GBL. (Am. Compl.)

Defendants moved to dismiss the TCPA claim for failure to state a claim, the GBL state law claim for lack of subject matter jurisdiction, and the class claims on non-New York residents for lack of personal jurisdiction. (Def. Mot.)

### c. Judge Mann's recommendation

Judge Mann recommended that the Court dismiss Plaintiff's TCPA claim for failure to state a claim, decline to exercise supplemental jurisdiction over Plaintiff's GBL claim, decline to

address Defendant's argument that the Court lacks personal jurisdiction over claims of out-of-state class members, and deny Plaintiff's request for sanctions. (R&R 13–16.)

With respect to Plaintiff's TCPA claim, Judge Mann found that Plaintiff failed to state a plausible claim for direct liability under section 227(b)(1) of the TCPA because Plaintiff did not sufficiently allege that Defendant placed or directed to be placed the Prerecorded Call. (*Id*. at 5.)

In addition, Judge Mann found that Plaintiff failed to state a plausible claim for vicarious liability under theories of apparent authority, ratification, and aiding and abetting under section 227(b)(1) because Plaintiff failed to establish a principal-agent relationship and failed to show that Defendant had any knowledge of the material facts surrounding the Prerecorded Call. (*Id*. at 6–11.)

### d. Plaintiff's objections to the recommendations

Plaintiff objects to Judge Mann's conclusion that he fails to allege vicarious liability under a theory of apparent authority, arguing that Judge Mann erred in her interpretation of case law and that the facts in his Amended Complaint support a claim pursuant to section 227(b)(1). (Pl. Obj. 5–13.) Plaintiff also objects to Judge Mann's recommendation that the Court deny his request for sanctions. (*Id*. at 13.)

## II. Discussion

### a. Standards of review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts to which the party objected. *Id.*; *see*

*also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding "general objection[s] [to be] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

### ii. Motion to dismiss

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### b. Unopposed recommendations

Plaintiff did not object to Judge Mann's recommendation that (1) Plaintiff fails to state a claim for direct liability under section 227(b)(1) of the TCPA, and (2) Plaintiff fails to state a claim for vicarious liability under theories of ratification and aiding and abetting.[3] The Court has reviewed the unopposed portions of the R&R and, finding no clear error, adopts the recommendations pursuant to 28 U.S.C. § 636(b)(1).

### c. Plaintiff fails to state a TCPA claim

Plaintiff argues that his Amended Complaint contains sufficient allegations to state a claim that Defendant is vicariously liable under section 227(b)(1) of the TCPA for the acts of its purported agent under a theory of apparent authority. (Pl. Mem. 19.)

Defendant argues that Plaintiff's allegations "do not establish that [Defendant] initiated, authorized, or controlled the maker of the robocall" and that the legal authority on which Plaintiff relies is factually distinguishable from this case. (Def. Resp. to Pl. Obj. ("Def. Resp.") 3, Docket Entry No. 22.)

Section 227(b)(1)(A)(iii) of the TCPA prohibits any "person within the United States" from "mak[ing] any call (other than a call made . . . with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . .

---

[3] Although Plaintiff argues that he has alleged vicarious liability, his arguments focus solely on Judge Mann's findings with regard to apparent authority. (Pl. Obj. Mem. 5–13.)

. cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The statute provides a private right of action to any person contacted in violation of section 227(b), and allows a plaintiff to recover statutory damages of up to $500 for each violation and up to $1500 for each knowing or willful violation. *Id*. § 227(b)(3). The TCPA was passed primarily because "many consumers [were] outraged over the proliferation of intrusive, nuisance telemarketing calls to their homes." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (alterations omitted).

"[T]he Federal Communications Commission has ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations." *Campbell-Ewald Co. v. Gomez*, --- U.S. ---, ---, 136 S. Ct. 663, 675 (2016); *see McCabe v. Caribbean Cruise Line, Inc.*, No. 13-CV-6131, 2014 WL 3014874, at *3 (E.D.N.Y. July 3, 2014) ("[T]raditional principles of vicarious liability apply to actions brought under the TCPA because any other interpretation would allow companies to evade TCPA liability simply by creative contracting." (internal quotations and citations omitted)). Thus, to hold a defendant vicariously liable under the TCPA, a plaintiff must establish the existence of an agency relationship. *Bank v. Philips Elecs. N. Am. Corp.*, No. 14-CV-5312, 2015 WL 1650926, at *3 (E.D.N.Y. Apr. 14, 2015) (dismissing TCPA claim because the plaintiff did not plead "allegations of fact that establish an agency relationship between [the defendant] and the authorized dealers or any control by [the defendant] over the dealers"). An agency relationship is a "fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) (quoting Restatement (Third) Agency § 1.01 (2006)); *see also Banks v. Pro Custom Solar*, No. 17-CV-613, 2018 WL 3637960, at *3 (E.D.N.Y. July 31, 2018) ("[T]he

7

[c]ourt is to focus on the principal's conduct from a third party's perspective, and decide whether that conduct reasonably gives the appearance that an agent is authorized to act.").

A principal can be held vicariously liable for the acts of another under a theory of apparent authority. *Pro Custom Solar*, 2018 WL 3637960, at *2–3. "Apparent authority exists when a principal, either intentionally or by lack of ordinary care, induces [a third party] to believe that an individual has been authorized to act on its behalf." *Highland Capital Mgmt. LP v. Schneider*, 607 F.3d 322, 328 (2d Cir. 2010); *see Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 69 (2d Cir. 2003) ("Apparent authority arises from the 'written or spoken words or any other conduct of the principal which, reasonably intercepted, causes [a] third person to believe that the principal consents to have [an] act done on his behalf by the person purporting to act for him.'" (quoting *Minskoff v. Am. Express Travel Related Servs. Co.*, 98 F.3d 703, 708 (2d Cir. 1996))); *see also Edinburg Volunteer Fire Co., Inc. v. Danko Emergency Equip. Co.*, 867 N.Y.S.2d 547, 549 (2008) ("Apparent authority will only be found where words or conduct of the principal — not the agent — are communicated to a third party, which give rise to a reasonable belief and appearance that the agent possesses authority to enter into the specific transaction at issue.").

Plaintiff does not assert any non-conclusory allegations with respect to Defendant's alleged agency relationship or Defendant's alleged control over its purported agent. Plaintiff only states that "Defendant placed, or directed to be placed, the [Prerecorded Call]." (Am. Compl. ¶ 32.) This allegation is conclusory and insufficient to survive a motion to dismiss. In addition, as alleged in the Amended Complaint, the Prerecorded Call did not include the name, address, or telephone number of the person or entity on whose behalf the Prerecorded Call was placed. Thus, there are no factual allegations to support the conclusory statement that Defendant placed or directed the placement of the Prerecorded Call. *See Jackson*, 88 F. Supp. 3d at 138

(dismissing TCPA claim because "absent from the second amended complaint [were] any allegations that [the defendant] had the power to give 'interim instructions' to [the purported agent], or any non-conclusory suggestion of 'direction' or 'control' by [the defendant] of [the purported agent]"); *Bank v. Alliance Health Networks, LLC*, No. 15-CV-213, 2015 WL 4645317, at *2 (E.D.N.Y. Aug. 4, 2015) (dismissing the plaintiff's TCPA claim because the plaintiff "allege[d] merely that the calls at issue were made by, or on behalf of, or with the authorization of [the defendants]")

Defendant's reliance on *Pro Custom Solar* to support his argument that he has sufficiently stated a claim is unavailing. In *Pro Custom Solar*, the court held that the plaintiff successfully pled vicarious liability under the TCPA where the complaint alleged that the plaintiff was directly transferred to a live representative of Advanced Energy Solutions at the conclusion of a prerecorded message and, during follow-up calls with the defendant, a representative of the defendant confirmed that Advanced Energy Solutions was the defendant's operating service. 2018 WL 3637960, at *3. The court held that "[f]rom the perspective of [the] [p]laintiff, [the d]efendant's statements could reasonably give the appearance that [d]efendant, the purported principal, authorized Advanced Energy Solutions, the purported agent, to initiate the [c]alls on its behalf." *Id*.

As argued by Defendant, Plaintiff's Amended Complaint does not contain similar allegations. Unlike in *Pro Custom Solar*, where the robocall was immediately transferred to a live representative of the purported agent who explicitly stated that the telephone call was to "promote the goods and services of [Defendant]," *id*. at *1, Plaintiff only alleges that the Prerecorded Call "promoted residential solar-energy services," not that the Prerecorded Call promoted Defendant's goods and services, (Am. Compl. ¶ 18). Nor does Plaintiff identify the

9

purported agent.

In addition, in *Pro Custom Solar*, a representative of the defendant confirmed that the purported agent "was its operating service," 2018 WL 3637960, at *3, while Plaintiff only alleges that "Lilly stated that [Defendant] regularly utilizes telephone calls in which, upon being answered, prerecorded material advertises [Defendant's] services," (Am. Compl. ¶ 24). Indeed, Plaintiff explicitly alleges that the Prerecorded Call did not state the name, address, or telephone number of the entity on whose behalf the telephone call was being made. (*Id.* ¶¶ 27–29.) *Pro Custom Solar* therefore is factually distinguishable from the facts in this case.

Plaintiff's challenge to Judge Mann's rulings with regard to two other cases he relies on is similarly without merit. Plaintiff cites to *Bank v. Lifewatch ("Lifewatch I")*, 15-CV-2278 (E.D.N.Y. July 10, 2017) and *Bank v. Lifewatch ("Lifewatch II")*, 15-CV-5708 (E.D.N.Y. July 10, 2017), and seeks to challenge Judge Mann's ruling that the cases are "unreported rulings with no precedential value," (Pl. Obj. 7; R&R 9). Although Plaintiff argues that whether cases are reported or unreported "has nothing to do with their value, and only with, their reasoning," (Pl. Obj. 7), he does not and cannot dispute the *fact* that the cases are unreported cases and do not bind this Court. Thus, they have no precedential value. In addition to their lack of precedential value, both *Lifewatch* cases are factually distinguishable from the facts of this case. As in *Pro Custom Solar*, in *Lifewatch I*, the plaintiff alleged that, at the conclusion of a robocall, he was transferred to a live person who stated that the call was made on behalf of the defendant. (Compl., *Bank v. LifeWatch I*, No. 15-CV-2278, Docket Entry No. 1.) Similarly, in *Lifewatch II*, the plaintiff alleged that, at the conclusion of the robocalls, the plaintiff was transferred to someone who claimed to work for the defendant. (Am. Compl., *Bank v. Lifewatch II*, No. 15-CV-5708, Docket Entry No. 37.) As discussed above with regard to *Pro Custom Solar*, Plaintiff

does not identify the purported agent, much less allege that the Transferee works for or was acting on behalf of Defendant. Thus, as Defendant argues, there is a "material distinction" between both *Lifewatch* cases (and *Pro Custom Solar*) "where the identity of the defendant is clearly disclosed during the continuous call containing the prerecorded message" and the facts alleged in the Amended Complaint in this case "where the identity of the maker of the robocall was not disclosed." (Def. Resp. 4.)

Accordingly, consistent with Judge Mann's recommendation, the Court finds that Plaintiff fails to state a TCPA claim and dismisses this claim.[4]

### d. Sanctions

In his opposition to Defendant's motion to dismiss, Plaintiff requested sanctions and argued that Defendant "fragrantly" deceived the Court by mischaracterizing case law. (Pl. Opp'n to Def. Mem. 10.)

---

[4] Although Plaintiff does not challenge Judge Mann's findings that Plaintiff did not plausibly plead that Defendant ratified the Prerecorded Call or aided and abetted the alleged statutory violation, the Court briefly addresses these two theories of liability. Ratification requires a principal-agent relationship. *See Cordts-Auth v. Crunk, LLC*, 479 F. App'x 375, 380–81 (2d Cir. 2012) ("Ratification requires acceptance by the principal of the benefits of an agent's acts, with full knowledge of the facts, in circumstances indicating an intention to adopt the unauthorized arrangement." (quoting *Monarch Ins. Co. of Ohio v. Ins. Corp. of Ireland Ltd.*, 835 F.2d 32, 36 (2d Cir. 1987))). Having found that Plaintiff failed to plead the existence of a principal-agent relationship, Plaintiff's ratification theory necessarily fails. *See Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679–80 (9th Cir. 2014) (finding that the defendant did not ratify the purported agent's conduct because the plaintiff did not plead a principal-agent relationship). In addition, no court has found that the TCPA provides for aiding and abetting liability. *See Baltimore-Wash. Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736, 746 (D. Md. 2008) (finding that the TCPA does not provide for aiding and abetting liability); *cf. Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 182 (1994) ("W]hen Congress enacts a statute under which a person may sue and recover damages from a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiff may also sue aiders and abettors."). Thus, it appears unlikely that Plaintiff could assert a TCPA claim based on an aiding and abetting theory, even assuming that he had sufficiently pled facts to support such a claim.

Defendant argues that the Court should deny Plaintiff's request for sanctions because Defendant's arguments and characterization of case law are not deceptive. (Def. Resp. 9.)

Rule 11 of the Federal Rules of Civil Procedure provides that a court may impose sanctions either by motion or by its own initiative, when (1) a pleading, written motion or other paper is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) the claims, defenses and other legal contentions raised are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) the factual contentions do not have any evidentiary support or are unlikely to have any evidentiary support after a reasonable opportunity for further investigation or discovery; or (4) the denials of factual contentions are not warranted on the evidence or are not "reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)–(c); *see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) ("Sanctions may be — but need not be — imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous.").

"[E]ven when a district court finds a violation of Rule 11, 'the decision whether to impose a sanction for a Rule 11(b) violation is . . . committed to the district court's discretion.'" *Ipcon Collections*, 698 F.3d at 63 (quoting *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004)). Enforcing Rule 11 requires "notice and a reasonable opportunity to respond," and "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c).

Because Plaintiff failed to follow the procedural requirements of Rule 11, the Court denies his motion for sanctions. *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir.

2008) (finding that a hearing on the defendant's request for sanctions under Rule 11 was not warranted where the defendant failed to follow the procedural requirements of Rule 11(c)); *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 89–90 (2d Cir. 1998) (reversing district court's decision to impose sanctions where the movant "included its request for sanctions in its letter requesting a Rule 54(b) certification, thereby failing to give [the non-movant] the separate notice referred to in Rule 11"); *Begonja v. Vornado Realty Tr.*, 159 F. Supp. 3d 402, 414–15 (S.D.N.Y. 2016) ("[D]efendants' request for attorneys' fees under Rule 11 was made together with the motion to dismiss rather than as a separate motion, and for that reason alone it must be denied."); *Shu Lun Wu v. May Kwan Si, Inc.*, 508 B.R. 606, 615 (S.D.N.Y. 2014) (denying the plaintiff's motion for sanctions where the plaintiff failed to follow the procedural requirements of Rule 11).

Moreover, as to the substance of Plaintiff's motion for sanctions, Plaintiff does not point to any specific errors in the R&R, but instead argues that Judge Mann "does not explain the basis for th[e] conclusory assertion" that Defendant's arguments and characterization of case law are not deceptive. (Pl. Obj. 13.) Notwithstanding Plaintiff's failure to point to any specific errors in the R&R, the Court finds that Defendant's arguments, including its characterization of case law, are not deceptive, especially in light of the fact that the Court grants Defendant's motion to dismiss.

Accordingly, the Court denies Plaintiff's motion for sanctions.

 **e. State law claims**

Having dismissed Plaintiff's sole federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim for violations of the GBL. *See* 28 U.S.C. § 1367(c)(3) ("District courts may decline to exercise supplemental jurisdiction over a

13

claim if the district court has dismissed all claims over which it has original jurisdiction."); *see also All. of. Auto. Mfrs., Inc., v. Currey*, 610 F. App'x 10, 14 (2d Cir. 2015) (holding that it was "not improper for the court to decline to exercise its supplemental jurisdiction" after it properly dismissed the plaintiff's federal claims); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." (alteration in original) (quoting *Castellano v. Bd. of Trs.*, 937 F.3d 752, 758 (2d Cir. 1991))).

Accordingly, the Court dismisses Plaintiff's state law claim without prejudice.

### f. Leave to amend

Plaintiff requests leave to amend in the event the Court finds that he fails to state a claim. Defendant argues that the Court should deny Plaintiff's request for leave to amend because any amendment would be futile. (Def. Resp. 6.)

Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation omitted). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Couloute v. Ryncarz*, No. 11-CV-5986, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan*, 214 F.3d at 283). However, motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."

14

*Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008); *see also Monahan*, 214 F.3d at 283.

In support of his request for leave to amend, Plaintiff proposes to add additional details regarding the identity of Lilly, the individual with whom Plaintiff spoke. (Pl. Obj. 4–5.) Plaintiff's proposed additional allegations include Lilly's LinkedIn profile, telephone number, and email address, to show that Lilly called Plaintiff and that he is an employee of Defendant. (*Id*.) However, these allegations purportedly showing that Lilly called Plaintiff and that Lilly was an employee of Defendant do not cure the deficiencies identified in this Memorandum and Order. The proposed allegations are insufficient to plausibly allege a principal-agent relationship between Defendant and the maker of the Prerecorded Call. *See Jackson*, 88 F. Supp. at 139 (dismissing TCPA claim for failure to plead an agency relationship where "absent from the second amended complaint is any allegations that [the defendant] had the power to give 'interim instructions' to [the maker of an automated text message], or any non-conclusory suggestion of 'direction' or 'control' by [the defendant] of [the maker of an automated text message]").

Because the proposed amendments to the Amended Complaint do not cure the deficiencies, the amendment would be futile. The Court therefore denies Plaintiff's request for leave to file a second amended complaint based on the proposed factual allegations. However, the Court grants Plaintiff leave to file a proposed, corrected second amended complaint within thirty days of the date of this Memorandum and Order. The proposed second amended complaint must contain sufficient allegations to plausible plead agency liability under the TCPA. Plaintiff may replead any state law claim in the second amended complaint.

The Court will review the proposed, corrected second amended complaint to determine whether it sufficiently states a claim. If the Court determines that Plaintiff's proposed, corrected

second amended complaint fails to state a claim, the Court will not allow its filing and will direct the Clerk of Court to close this case.

### III. Conclusion

For the foregoing reasons, the Court adopts the R&R, grants Defendant's motion to dismiss the Amended Complaint for failure to state a claim, and denies Plaintiff's request for sanctions. The Court grants Plaintiff leave to file a corrected, proposed second amended complaint within thirty (30) days of this Memorandum and Order for the Court's review.

Dated: March 22, 2019
      Brooklyn, New York

                                        SO ORDERED:

                                        \_\_\_\_s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge