UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> -against- <br><br> VIVINT SOLAR, INC., <br><br> *Defendant*. | 1:18-cv-02555-MKB-RLM |

# SECOND AMENDED CLASS-ACTION COMPLAINT

## INTRODUCTION

1. This action arises under a federal statute and a New York statute: respectively, the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

2. Plaintiff brings this action individually and as a class action on behalf of all persons to whose cellular or residential landline telephone number one or more telephone calls, described below, were placed (the "Federal Robocall Class") during the period beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Robocall Class Period").

3. Plaintiff brings this action individually and as a class action on behalf of all persons to whose New York telephone numbers one or more telephone calls, described below, were placed, such telephone numbers being those with an area code of 212, 315, 332, 347, 516, 518, 585, 607, 631, 646, 680, 716, 718, 845, 914, 917, 929, or 934 (the "New York Class"), beginning three years prior to the commencement of this action until the date of such commencement (the "New York Class Period").

1

4. Plaintiff seeks, individually and on behalf of the other Federal Robocall Class Members, statutory damages, injunctive relief, and costs.

5. Plaintiff seeks, individually and on behalf of the other New York Class Members, statutory damages, injunctive relief, legal fees, and costs.

6. The term "person," as used in this Complaint, incorporates the definition of "person" provided in 1 U.S.C. Section 1.

## PARTIES

7. Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

8. Defendant, Vivint Solar, Inc. ("Vivint"), is a corporation organized and existing under the laws of Delaware, and has a principal place of business at 1800 West Ashton Boulevard, Lehi, Utah 84043.

## APPLICABLE LAW

**A. Telephone Consumer Protection Act**

9. With respect to telephone numbers that are assigned to a cellular telephone service, the TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

10. With respect to residential telephone lines, the TCPA states that it is "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

11. Persons to whose telephone line a call is made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to enjoin such violations and to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court

finds that a defendant willfully or knowingly violated Section 227(b)(1), the court may increase the award by up to $1,000 per violation. *See id.*

**B.    New York General Business Law Section 399-p**

12.    New York General Business Law Section 399-p(3)(a) states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

13.    Persons to whose telephone line a call is made in violation of GBL Section 399-p are entitled to injunctive relief, the greater of actual damages or $50 per violation, and reasonable legal fees, and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000. *See* GBL Section 399-p(9).

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over the federal-law claims under 28 U.S.C. Section 1331, and has jurisdiction over the state-law claims under 28 U.S.C. Section 1367(a).

15.    Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## FACTS

16.    On or about March 17, 2018, Bank received, on a cellular telephone line that is used for residential purposes and of which Bank is a regular user (the "Telephone Line"), a telephone call (the "Telephone Call").

17.    Bank answered the Telephone Call.

18.    Upon the answering of the Telephone Call, a prerecorded voice on the caller's end promoted residential solar-energy services (the "Prerecorded Material").

3

19. Following the playing of the Prerecorded Material, Bank was transferred to a live person (the "Transferee").

20. Bank provided an alias to the Transferee.

21. Bank provided an email address to the Transferee.

22. The Transferee told Bank that a person would, approximately 30 minutes thereafter, call Bank regarding residential solar-energy services.

23. Approximately 30 minutes after the end of the conversation between Bank and the Transferee, Bank received, on the Telephone Line, a call from a person who identified himself as Joshua Lilly and who stated, without Bank's having provided the aforementioned alias to Mr. Lilly, that Mr. Lilly's purpose in calling was to speak to that alias.

24. At the time of the conversation between Bank and Mr. Lilly, Mr. Lilly was an employee of Vivint.

25. During the conversation between Bank and Mr. Lilly, Mr. Lilly stated, without Bank's having provided any email address to Mr. Lilly, that the Transferee had given, to Mr. Lilly, the email address that Bank had provided to the Transferee.

26. At no point during the conversation between Bank and Mr. Lilly did Bank state, confirm, or provide an email address.

27. During the conversation between Bank and Mr. Lilly, Bank stated, "I got a phone call about half an hour ago," to which Mr. Lilly responded: "those are our agents. They're the ones that create the leads essentially, and then we call it and we give you all the info."

28. During the conversation between Bank and Mr. Lilly, Bank stated, "when I picked up, first it sounded like a recording and then I ended up speaking to someone," to which Mr. Lilly responded: "that's what they do for, like, larger companies. They'll call people that are interested and we're the ones that they send out to actually go and give you the information."

4

29. During the conversation between Bank and Mr. Lilly, Mr. Lilly stated that Vivint regularly utilizes telephone calls in which, upon being answered, prerecorded material advertises Vivint's services.

30. During the conversation between Bank and Mr. Lilly, Mr. Lilly stated that he did not know how the number of the Telephone Line had been obtained.

31. The Telephone Call was made with equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator.

32. The Prerecorded Material did not state the name of the person on whose behalf the Telephone Call had been placed.

33. The Prerecorded Material did not state the address of the person on whose behalf the Telephone Call had been placed.

34. Several minutes after the conversation between Bank and Mr. Lilly, Bank received, on the email address that Bank had provided to the Transferee, an email from an email address whose user name was Joshua.Lilly and whose domain name was vivintsolar.com.

35. The subject line of the email described in the preceding paragraph was "Solar contact information," and the body of the email included the name "Josua Lilly" and the telephone number that appeared on Bank's Caller ID display when Mr. Lilly had called Bank.

36. At all relevant times, vivintsolar.com has been Vivint's website address.

37. The Prerecorded Material did not state the telephone number of the person on whose behalf the Telephone Call had been placed.

38. The Telephone Call was made without the prior express written consent of any person who had the legal right to provide such consent.

5

39. The Telephone Call constituted a "telephone solicitation" as defined in 47 C.F.R. § 64.1200(f)(14).

40. Defendant placed, or directed to be placed, the Telephone Call.

41. Defendant placed, or directed to be placed, to recipients other than Bank, thousands of telephone calls were factually identical or materially similar to the Telephone Call and that resulted in the violation that is set forth below as the "First Cause of Action."

42. Defendant placed, or directed to be placed, to recipients other than Bank, thousands of telephone calls were factually identical or materially similar to the Telephone Call and that resulted in the violation that is set forth below as the "Second Cause of Action."

43. The Telephone Call, and the telephone calls to recipients as described in paragraphs "41" and "42" (collectively, the "Class Telephone Calls"), temporarily caused the receiving telephone line to be unavailable for other uses.

44. The Class Telephone Calls disturbed the peace, solitude, and tranquility of Bank and the other recipients.

45. The Class Telephone Calls annoyed and frustrated Bank and the other recipients.

46. The Class Telephone Calls to Bank and the other recipients were a nuisance.

## FIRST CAUSE OF ACTION

47. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "46" inclusive of this Complaint as if fully set forth herein.

48. The placement of the Class Telephone Calls violated 47 U.S.C. Section 227(b)(1).

49. Bank and the other Members of the Federal Robocall Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. Section 227(b)(1).

50. Bank and Members of the Federal Robocall Class are entitled to statutory damages

6

of $500 per violation pursuant to 47 U.S.C. Section 227(b)(3)(B).

51. In the event that Defendant willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other members of the Federal Robocall Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

## SECOND CAUSE OF ACTION

52. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "46" inclusive of this Complaint as if fully set forth herein.

53. The placement of the Class Telephone Calls to New York Class Members violated GBL Section 399-p(3)(a).

54. Bank and the other Members of the New York Class are entitled to an Order, pursuant to GBL Section 399-p(9), enjoining Defendant from violating GBL Section 399-p(3)(a).

55. Bank and the other Members of the New York Class are entitled to statutory damages of $50 pursuant to GBL Section 399-p(9).

56. Bank and the other Members of the New York Class are entitled to reasonable legal fees pursuant to GBL Section 399-p(9).

## CLASS ALLEGATIONS

57. Bank brings this action individually, and as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of: (i) the other Members of the Federal Robocall Class; and (ii) the other Members of the New York Class.

58. Bank believes, with respect to each of the three Classes that are identified in the preceding paragraph, that there are thousands of persons whose claims are similar to Bank's individual claims, and, furthermore, that Bank's individual claims are typical of the claims of the other Class Members. Members of each Class have sustained damages arising out of Defendant's wrongful conduct in the same manner in which Bank has sustained damages arising therefrom.

59.   Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

60.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

61.   Common questions of law and fact predominate over questions that affect only individual Federal Robocall Class Members. Among those questions are:

(i)   whether telephone calls were made to residential or cellular telephone lines by, or at the direction of, Defendant;

(ii)   whether Defendant violated Section 227(b)(1) of the TCPA;

(iii)   whether Defendant willfully or knowingly violated Section 227(b)(1) of the TCPA;

(iv)   whether the Members of the Federal Robocall Class are entitled to injunctive relief as a result of Defendant's violations of Section 227(b)(1) of the TCPA; and

(v)   whether the Members of the Federal Robocall Class are entitled to damages as a result of Defendant's violations of Section 227(b)(1) of the TCPA, and, if so, how much.

62.   Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

(i)   whether telephone calls were made to residential or cellular telephone lines by, or the direction of, Defendant using equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator, wherein the telephone number to which the

8

      such calls were made was a New York telephone number;

(ii)      whether Defendant violated GBL Section 399-p(3)(a);

(iii)     whether the Members of the New York Class are entitled to injunctive relief as a result of Defendant's violations of GBL Section 399-p(3)(a);

(iv)     whether the Members of the New York Class are entitled to damages as a result of Defendant's violations of GBL Section 399-p(3)(a); and

(v)      whether the Members of the New York Class are entitled to reasonable legal fees as a result of Defendant's violations of GBL Section 399-p(3)(a).

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a)      Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1);

(b)      Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other Members of the Federal Robocall Class;

(c)      Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Robocall Class, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully violated 47 U.S.C. Section 227(b)(1);

(d)      Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other Members of the New York Class;

(e)      Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendant from violating New York General Business Law Section 399-p(3)(a); and

(f)      An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court

deems just and proper.

Dated: March 27, 2019

                                                    Respectfully submitted,

                                                      s/ *Todd C. Bank*
                                              TODD C. BANK
                                                ATTORNEY AT LAW, P.C.
                                              119-40 Union Turnpike
                                              Fourth Floor
                                              Kew Gardens, New York 11415
                                              (718) 520-7125
                                              By Todd C. Bank

                                              *Counsel to Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 27, 2019, a true and accurate copy of the foregoing document is being filed electronically via the Court's electronic-filing (ECF) system. Notice of this filing will be sent to all parties by operation of the Court's ECF system and copies will be mailed to those parties, if any, who are not served via the Court's ECF system.

Dated: March 27, 2019

                                                                                                 s/ ***Todd C. Bank***
                                                                                                  Todd C. Bank