UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TODD C. BANK,

                            Plaintiff,                        REPORT AND
                                                                                  RECOMMENDATION

                        -against-                           18-CV-2555 (MKB)

VIVINT SOLAR, INC.,

                            Defendant.
-------------------------------------------------------------x

ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:

       Plaintiff Todd C. Bank ("Bank" or "plaintiff"), an attorney proceeding *pro se*, brings this action against defendant Vivint Solar, Inc. ("Vivint" or "defendant"), alleging individual and class claims based on unauthorized "robocalls" in violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, and New York General Business Law (the "GBL") § 399-p. See Second Amended Complaint (Mar. 27, 2019) ("SAC"), Electronic Case Filing ("ECF") Docket Entry ("DE") #26. Currently before this Court, on a referral from the Honorable Margo K. Brodie, is defendant's motion to dismiss the Second Amended Complaint's nationwide class claims pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure (the "FRCP"). See Memorandum of Law in Support of Motion to Dismiss/Strike (June 4, 2019) ("Def. Mem."), DE #27-1; Order Referring Motion (Aug. 30, 2019). For the reasons that follow, this Court recommends that defendant's motion to dismiss be denied.

## BACKGROUND

       The following facts are drawn from plaintiff's Second Amended Complaint.

       On or about March 17, 2018, Bank received an unsolicited phone call to his cellular

telephone (the "Prerecorded Call"). See SAC ¶ 16. Upon answering the telephone call, a prerecorded voice on the other end promoted residential solar-energy services. See id. ¶ 18. Following the playing of the prerecorded material, Bank was transferred to a live person (the "Transferee"). See id. ¶ 19. Bank provided an (unspecified) alias to the Transferee, who told Bank that, approximately 30 minutes later, someone would call him. See id. ¶¶ 20, 22. Approximately 30 minutes later, the same cellular telephone utilized by Bank received a telephone call from Joshua Lilly, an employee of defendant, who stated that he was calling to speak with the alias that Bank had provided to the Transferee. See id. ¶¶ 23-24. During the conversation between Bank and Lilly, Lilly stated that the Transferee had given him Bank's email address, which Lilly had previously given to the Transferee. See id. ¶ 25. Lilly further explained that Vivint regularly uses telephone calls with prerecorded material advertising Vivint's services, and that Bank had been called by Vivint's agents. See id. ¶¶ 27, 29. According to the Second Amended Complaint, defendant placed, or directed to be placed, the Prerecorded Call. See id. ¶ 32.

Plaintiff brings his lawsuit on behalf of a nationwide class of persons who have received similar prerecorded telephone calls in their home states, as well as on behalf of a class of New York residents who have received such calls on New York telephone numbers. See id. ¶¶ 2, 3.

## PROCEDURAL HISTORY

Plaintiff commenced this action on April 30, 2018. See Complaint (Apr. 30, 2018), DE #1. In response to defendant's request for a premotion conference in contemplation of

moving to dismiss, see Motion for Pre Motion Conference (June 22, 2018), DE #10, plaintiff filed an Amended Complaint, see Amended Complaint (June 27, 2018), DE #12.

On August 10, 2018, defendant moved to dismiss the TCPA claim in the Amended Complaint for failure to state a claim pursuant to FRCP 12(b)(6) and the class claims of non-New York residents for lack of personal jurisdiction. See Motion to Dismiss for Failure to State a Claim (Aug. 10, 2018), DE #14. Following Judge Brodie's referral of the motion to dismiss to the undersigned magistrate judge, this Court issued a report and recommendation dated February 25, 2019 (the "R&R"), recommending that the District Court grant defendant's motion to dismiss the Amended Complaint. See R&R (Feb. 25, 2019), DE #18. In the alternative, this Court recommended that the Court decline to address as premature defendant's argument that the Court lacks personal jurisdiction over the claims of out-of-state class members. See id. at 14-16. Finally, this Court recommended that plaintiff's request for sanctions be denied. See id. at 16-17. The District Court adopted the R&R over plaintiff's objections, granted defendant's motion to dismiss, and gave plaintiff 30 days to further amend his pleading. See Memorandum and Order (Mar. 22, 2019), DE #23.

Plaintiff filed the Second Amended Complaint on March 27, 2019, and the instant motion followed.

## DISCUSSION

**I.   Law of the Case**

Defendant's current motion is simply a restatement of that aspect of the prior motion to

dismiss that sought to strike plaintiff's nationwide class claims.[1] This Court recommended that defendant's motion be denied as premature, and defendant did not object. Accordingly, pursuant to the law of the case doctrine, this Court should follow its prior ruling on the issue presented. Cf. PPX Enters., Inc. v. Fredericks, 5 F.App'x 25, 28 (2d Cir. 2001) (failure to object to magistrate's recommendation that plaintiff abandoned breach of fiduciary duty claim waived right to raise claim on appeal); F.D.I.C. v. Hillcrest Assocs., 66 F.3d 566, 569 (2d Cir. 1995) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

"The law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' unless 'cogent and compelling reasons militate otherwise.'" Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009) (quoting United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002)). Such grounds for departing from the law of the case include an intervening change in the law, the availability of new evidence or the need to correct a clear error. See Johnson, 564 F.3d at 99-100. Defendant has not asserted any circumstance that would warrant a departure from the Court's prior ruling. Indeed, the emerging case law on both the timing and the merits of defendant's challenge has become even *less* favorable to defendant's position since the District

---

[1] Defendant justifies the renewal of its motion to dismiss for lack of personal jurisdiction by pointing to the risk of its being deemed to have waived the defense in response to the Second Amended Complaint. See Def. Mem. at 2. Although there are circumstances where a defendant may be found to have forfeited the defense, asserting the affirmative defense in an answer is generally sufficient to preserve the defense under Rule 12(h)(1). See Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 60 (2d Cir. 1999); Prospect Funding Holdings, LLC v. Vinson, 256 F.Supp.3d 318, 326-27 (S.D.N.Y. 2017) (defendant's delay in bringing motion "does not rise to the level of egregiousness that courts in this Circuit have found sufficient to constitute forfeiture"). Thus, defendant's motion at this juncture was unnecessary.

Court adopted the R&R.  See Gress v. Freedom Mortgage Corp., 386 F.Supp.3d 455, 465 (M.D. Pa. 2019) (denying defendant's motion to dismiss for lack of personal jurisdiction the claims of out-of-state putative class members); Sotomayor v. Bank of Am., 377 F.Supp.3d 1034, 1037-38 (C.D. Cal. 2019) (same in TCPA case); Moore v. Compass Grp. USA, Inc., No. 4:18CV1962 RLW, 2019 WL 4723077, at *8-*9 (E.D. Mo. Sept. 26, 2019) (same in non-TCPA action); Pascal v. Concentra, Inc., Case No. 19-cv-02559-JCS, 2019 WL 3934936, at *5-*6 (N.D. Cal. Aug. 20, 2019) (same in TCPA case); Simon v. Ultimate Fitness Grp., LLC, No. 19 Civ. 890 (CM), 2019 WL 4382204, at *4-*5 (S.D.N.Y. Aug. 19, 2019) (in TCPA action, deferring ruling on personal jurisdiction over defendant for claims of putative class members who are not New York residents); Cummings v. FCA US LLC, 5:18-CV-1072 (GTS/TWD), --- F.Supp.3d ---, 2019 WL 3494733, at *20 (N.D.N.Y. Aug. 1, 2019) (same in non-TCPA action); Bank v. Creditguard of Am., 18-CV-1311 (PKC) (RLM), 2019 WL 1316966, at *12 (E.D.N.Y. Mar. 22, 2019) (same in TCPA action); Parks v. Ainsworth Pet Nutrition, LLC, 377 F.Supp.3d 241, 250 (S.D.N.Y. 2019) (same in non-TCPA action).

**II.     The Legal Standard Under Rule 12(b)(2)**

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003).  In this connection, the pleadings and any other supporting materials are construed in the light most favorable to plaintiffs and all doubts are resolved in their favor.  See S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 138 (2d Cir. 2010)

5

**III.     Personal Jurisdiction Over Claims of Out-of-State Class Members**

Defendant argues that this Court lacks personal jurisdiction over the claims of putative out-of-state class members.  See Def. Mem. at 6-10.  "Under New York law, 'for a plaintiff to demonstrate personal jurisdiction over a defendant . . . the plaintiff must show either that the defendant was present and doing business in New York within the meaning of C.P.L.R. § 301,' known as general jurisdiction, 'or that the defendant committed acts within the scope of New York's long-arm statute, C.P.L.R. § 302,' known as specific jurisdiction."  Stroud v. Tyson Foods, Inc., 91 F.Supp.3d 381, 385 (E.D.N.Y. 2015) (quoting Reich v. Lopez, 38 F.Supp.3d 436, 454 (S.D.N.Y. 2014)) (alteration omitted).

It is undisputed that the Court lacks general jurisdiction over the claims of out-of-state class members because New York is neither defendant's principal place of business nor its state of incorporation.  See Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Class Claims (Aug. 31, 2018) ("Pl. Opp. Class") at 4, DE #16; SAC ¶ 8.  Thus, defendant is not "at home" in New York so as to invoke either of those two bases for establishing general jurisdiction.  See Daimler AG v. Bauman, 571 U.S. 117, 137-39 (2014).

As before, defendant contends that application of the Supreme Court's decision in Bristol-Myers Squibb Co. v. Superior Court of California, 137 S.Ct. 1773 (2017), mandates the conclusion that the Court likewise lacks specific jurisdiction over the claims of out-of-state class members herein.  In Bristol-Myers, more than 600 individual plaintiffs, only some of whom were California residents, brought a mass-tort action in California state court.  See id. at 1778.  The Supreme Court concluded that the state courts lacked personal jurisdiction over

6

claims brought by out-of-state plaintiffs against an out-of-state defendant, since neither the conduct nor injuries alleged had occurred in California. See id. at 1781-82. Absent an adequate connection between the out-of-state plaintiffs' claims and the defendant's activities in California, the state courts' exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment. See id. at 1781, 1783. Nevertheless, the Supreme Court expressly "[left] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." Id. at 1784. In her dissent, Justice Sotomayor noted that the majority failed to address whether its opinion applied to federal class actions "in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." Id. at 1789 n.4 (Sotomayor, J., dissenting).

In the aftermath of the Bristol-Myers decision, the vast majority of the lower federal courts to address the issue have found – and continue to find[2] - that the reasoning of Bristol-Myers does not apply to federal nationwide class actions, although a few courts have held otherwise.[3] Compare Gress, 386 F.Supp.3d at 465 (declining to extend Bristol-Myers to Rule 23 class action), Sanchez v. Launch Tech. Workforce Sols., LLC, 297 F.Supp.3d 1360, 1365 (N.D. Ga. 2018) (finding that due process concerns do not foreclose exercise of jurisdiction over putative non-resident plaintiffs), Molock v. Wholefoods Mkt., Inc., 297 F.Supp.3d 114, 124-27 (D.D.C. 2018) (concluding that Bristol-Myers did not apply to claims of putative class

---

[2] See cases cited *supra* p. 5.

[3] Defendant relies almost exclusively on district court decisions from the Northern District of Illinois, many of which it cited in its previous motion. See Def. Mem. at 7-10.

members), appeal docketed, No. 18-7162 (D.C. Cir. Oct. 31, 2018), and Sloan v. General Motors LLC, 287 F.Supp.3d 840, 858-59 (N.D. Cal. 2018) (holding that Bristol-Myers does not preclude jurisdiction over out-of-state plaintiffs in class action), with Gazzillo v. Ply Gem Indus., Inc., 1:17-CV-1077 (MAD/CFH), 2018 WL 5253050, at *7 (N.D.N.Y. Oct. 22, 2018) (applying Bristol-Myers and dismissing non-resident plaintiffs' claims for lack of specific jurisdiction); see also 2 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 6.26 (5th ed. 2018) (noting split in federal courts). No federal circuit court has addressed the issue.

In this Circuit, the overwhelming trend is to defer consideration of the exercise of jurisdiction over out-of-state putative class members until plaintiff files a motion for class certification, because the putative plaintiffs are only *potential* plaintiffs who may never be joined in the action; that trend has only increased since this Court previously recommended denying defendant's motion as premature. See, e.g., Simon, 2019 WL 4382204, at *5 (TCPA action); Cummings, 2019 WL 3494733, at *20; Creditguard of Am., 2019 WL 1316966, at *12 (TCPA action); Suarez v. California Nat. Living, Inc., 17 CV 9847 (VB), 2019 WL 1046662, at *6 (S.D.N.Y. Mar. 5, 2019); Parks, 377 F.Supp.3d at 250.

Here, plaintiff has not yet filed a motion to certify a nationwide class. Therefore, this Court adheres to its recommendation in the R&R that determination of this issue is premature. See R&R at 16. As defendant acknowledges, the caselaw regarding the application of Bristol-Meyers to federal class actions is unsettled and still developing. See Def. Mem. at 1-2. Under the circumstances, this Court recommends following the lead of other courts in this

8

District and deferring the Bristol-Myers issue until such time as plaintiff moves for class certification.[4] See, e.g., Creditguard of Am., 2019 WL 1316966, at *12; Campbell v. Freshbev LLC, 322 F.Supp.3d 330, 337 (E.D.N.Y. 2018); Gonzalez v. Costco Wholesale Corp., 16 Civ. 2590 (NGG) (JO), 2018 WL 4783962, at *8 (E.D.N.Y. Sept. 29, 2018).

## IV. Plaintiff's Request for Sanctions

Plaintiff renews his request, made in opposition to the prior motion to dismiss, that sanctions be imposed upon defendant for its "blatantly deceptive representations." See Memorandum in Opposition (June 6, 2019) ("Pl. Opp. Mem.") at 9, DE #28; see also Pl. Opp. Class at 10. Plaintiff identifies three case citations that he alleges were deceptively described by defendant, although he provides no explanation for that assertion. See Pl. Opp. Mem. at 9. Even if this Court rejected defendant's characterization of some of those cases, such conduct does not rise to the level that warrants sanctions. See Pereira v. Gulf Ins. Co., 330 F.App'x 5, 6-7 (2d Cir. 2009) (denying motion for sanctions despite "the Trustee's misleading citations to inapposite cases"). Accordingly, plaintiff's request for sanctions should be denied.

---

[4] Defendant complains that delaying determination of the issue would require defendant to needlessly engage in nationwide class discovery. See Def. Mem. at 11-12. Defendant's characterization of such discovery as "needless" assumes that the Court's ultimate ruling on this issue will depart from the prevailing view among district courts that Bristol-Myers does not limit the exercise of personal jurisdiction over out-of-state putative class members. See Creditguard of Am., 2019 WL 1316966, at *12 n.11; see also Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811 (1985) ("forum state may exercise jurisdiction over the claim of an absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant"). If, however, the Court declines to buck the trend, the burden and expense of conducting such discovery will prove to have been unavoidable. See Bliss v. CoreCivic, Inc., Case No.: 2:18-cv-01280-JAD-GWF, 2018 WL 8783789, at *4 (D. Nev. Nov. 21, 2018) (denying motion to stay discovery pending motion to dismiss out-of-state putative class claims).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that defendant's motion to dismiss under Rule 12(b)(2) of the FRCP be denied as premature. In addition, plaintiff's cross-motion for sanctions should be denied.

Any objections to the recommendations contained herein must be filed with Judge Brodie on or before November 4, 2019. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**October 21, 2019**

/s/     *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**